FILED
NOV 30 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**KNOWLEDGE LEARNING CORPORATION,** a foreign business corporation; and **KINDERCARE LEARNING CENTERS, INC.,** a foreign business corporation,

Plaintiffs,

vs.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**; and **DISCOVER PROPERTY & CASUALTY COMPANY**, a foreign insurance company,

Defendants.

Civil Case No. 10-188-ST

ORDER

Louis A. Ferreira
Timothy W. Snider
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204

Attorneys for Plaintiffs

Diane L. Polscer
Brian Hickman
Gordon & Polscer, L.L.C.
Suite 650
9755 SW Barnes Road
Portland, Oregon 97225

Attorneys for Defendants

KING, Judge:

The Honorable Janice M. Stewart, United States Magistrate Judge, filed Findings and Recommendations on September 28, 2010, denying the Motion for Summary Judgment filed by plaintiffs Knowledge Learning Corporation and KinderCare Learning Centers, Inc. (collectively, "KLC") and granting the Cross-Motion for Summary Judgment filed by Defendant National Union Fire Insurance Company of Pittsburgh, PA (hereinafter, "NUFI"). KLC filed timely objections. Defendant Discover Property & Casualty Insurance Company ("Discover"), who had merely joined in the Motion for Summary Judgment KLC filed before Judge Stewart, also filed objections to the Findings and Recommendations.

When either party objects to any portion of a magistrate's Findings and Recommendation concerning a dispositive motion or prisoner petition, the district court must make a de novo determination of that portion of the magistrate's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). This court has, therefore, given de novo review of the rulings of Magistrate Judge Stewart and I decline to adopt them.

The issue before me is whether the abuse alleged in six separate lawsuits constitutes one "occurrence," as that term is defined in Discover's policy. KLC obtained insurance providing a

total of $51 million in coverage per "occurrence," for the period of May 8, 2005 to December 1, 2006. Its primary insurer, Discover, provided $1 million per occurrence and $5 million as a general aggregate limit per location, but required KLC to provide $500,000 in self-insured retention per occurrence. NUFI provided excess limits of $50 million per occurrence and in the aggregate.

In 2007, parents filed a lawsuit seeking damages for physical and mental abuse allegedly visited upon their child at the hands of KLC employees at one of KLC's daycare centers in Florida. The case ("Esterhuizen") went to trial and the plaintiffs obtained a $3 million judgment. Following entry of the judgment, the parties reached a settlement of $2.9 million. KLC paid its $500,000 self-insured retention and Discover paid its $1 million per-occurrence policy limit.

Five additional lawsuits were subsequently filed alleging that the same two KLC employees physically abused children in the same facility and classroom during the 2006 calendar year. The lawsuits also alleged that the director of the facility knew or had reason to know of the abuse and failed to prevent or stop the abuse. The Pinellas County Circuit Court agreed with the plaintiffs that the cases all involved "the same transaction or occurrence" as Esterhuizen and, treating them as "companion cases," transferred them to the same judge who had presided over Esterhuizen. KLC tendered defense of the remaining five lawsuits to NUFI, concluding that its self-insured retention and the limits under the Discover policy had been reached. NUFI refused to defend KLC, referring to language in Discover's policy which it believed made each plaintiff's claim a separate "occurrence," subject to the $500,000 self-insured retention and coverage by Discover up to $1 million.

The language in dispute, which appears in both the Discover and NUFI policies, reads as follows:

> "Occurrence" means an act or threatened act of abuse or molestation. All "bodily injury" and "personal and advertising injury" arising out of the acts of abuse or molestation by one person or two or more persons acting together toward any one person will be deemed a single "occurrence." A series of related acts of abuse or molestation will be treated as a single "occurrence."

Decl. of Kenneth Wood Ex. 1, at 76 (Discover's policy); Ex. 2, at 58 (NUFI's policy). "Bodily injury" means "bodily injury, mental anguish, sickness or disease sustained by a person, including death resulting from any of these at any time." Id. Ex. 1, at 47; see also Ex. 2, at 38 (similar definition).

Under Oregon law, the primary rule when construing insurance contracts is to determine the intent of the parties based on the terms and conditions of the policy. Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon, 313 Or. 464, 469, 836 P.2d 703 (1992). If a term is not defined in the policy, the first method of interpretation is the plain meaning of the term. If there are two or more plausible interpretations of a term, the court should examine them in light of the particular context in which the term is used in the policy and the broader context of the policy as a whole. If the competing plausible interpretations are still reasonable, the term is ambiguous and must be interpreted against the drafter of the language, generally the insurer. Id. at 470-75.

Oregon courts may resort to the dictionary to define terms in an insurance policy. Id. at 469-70; see also Ass'n of Unit Owners of Nestani v. State Farm Fire and Cas. Co., 670 F. Supp. 2d 1156, 1163 (D. Or. 2009) (defining "sudden" using dictionary); Mutual of Enumclaw Ins. Co.

v. Rohde, 170 Or. App. 574, 579, 13 P.3d 1006 (2000) (defining "household" and "family" using dictionary).

Here, "series" is defined in the dictionary to mean "a group or a number of related or similar things, events, etc., arranged or occurring in temporal, spatial, or other order or succession; sequence." http://dictionary.reference.com/browse/series (last visited Nov. 22, 2010). Similarly, "related" means "associated; connected." Id. at browse/related. Employing these definitions, the phrase "series of related acts of abuse" could cover this situation where the six lawsuits allege the same KLC employees engaged in the same type of abusive behavior and caused the same type of injuries to infants in the same classroom during the same calendar year. Nevertheless, since the dictionary meanings of the words in the phrase do not definitively answer the question one way or the other, I conclude "series of related acts of abuse" is not one that has a plain meaning without reference to the entire definition of "occurrence" in the policy.

KLC and Discover argue that the definition of "occurrence" breaks down as follows:

> **Sentence 1:** A single "act" or "threatened act" of abuse is a single "occurrence" --without limitation as to the number of victims.
>
> **Sentence 2:** Multiple acts of "abuse" (whether a "series" or "related acts" or not) by [a.] one person or [b.] two persons or more acting together, "*toward any one person*," is a single "occurrence."
>
> **Sentence 3:** Any "series of related acts of abuse" are a single "occurrence"--without limitation as to the number of victims.

KLC's Obj. at 8-9.

NUFI, in contrast, explains that the policy language means:

> "[S]eries of related acts" is not defined and there is no mention of multiple claimants anywhere in the definition. Thus, the reasonable interpretation of this provision is that it relates back to the prior sentence . . . and attempts to address

> sexual abuse claims from an alternative direction. The definition of "occurrence" first addresses "bodily injury" arising from the abuse by one or more persons. Second, the definition addresses multiple acts of abuse against that same person. In other words, the definition addresses both the act(s) and the injury. Significantly, it does not reference multiple claimants, which would have been relatively simple to include in the definition. Importing multiple claimants into the definition of "occurrence" is not reasonable and not consistent with the language of the definition.

NUFI's Mem. in Supp. of Cross Mot. for Summ. J. at 20.

I agree with KLC and Discover; the best reading of the definition of "occurrence" is that the first sentence sets forth the general rule that one "act" = one "occurrence" and the latter two sentences set forth two different exceptions to the general rule. Accordingly, although the second and third sentences may overlap (for example, two perpetrators jointly engage in a series of related acts of abuse against the same victim), there are scenarios where the second sentence would apply and the third would not (one perpetrator abuses one victim in two very different ways). Furthermore, I find it notable that the second sentence specifically limits coverage for "bodily injury" caused by actions made "toward any one person" whereas the third sentence grants broad coverage without limitation to the number of victims affected by the abusive acts. See ORS 42.230 (the court may not insert words into a contract).[1]

Since I find that the only plausible interpretation of the definition of "occurrence" treats all six actions as one "occurrence," I need not resort to the rule of construction requiring interpretation against the drafter.

---

[1]I note, too, that the definition of "occurrence" was changed during the policy year covering the period of December 1, 2007 to December 1, 2008 so that it read: "A series of related acts or abuse or molestation *toward any one person* will be treated as a single 'occurrence'." Wood Decl. Ex. 4. The next policy period, the language reverted back to the definition at issue here. Wood Decl. Ex. 5.

IT IS HEREBY ORDERED that KLC's Motion for Summary Judgment (# 14) is granted and NUFI's Cross-Motion for Summary Judgment (#22) is denied. KLC is entitled to a declaration that all six lawsuits arise from a single occurrence under the Discover policy. NUFI is required to defend KLC in the remaining five lawsuits. KLC is directed to submit a proposed form of judgment.

Dated this 29th day of November, 2010.

Garr M. King
United States District Judge