Louis A. Ferreira, OSB No. 902602
laferreira@stoel.com
Timothy W. Snider, OSB No. 034577
twsnider@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KNOWLEDGE LEARNING CORPORATION, a foreign business corporation; KINDERCARE LEARNING CENTERS, INC., a foreign business corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign insurance company; DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendants. | Civil Case No.: 10-188-ST<br><br>DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF MOTION FOR ATTORNEY FEES OF PLAINTIFFS |

I, TIMOTHY W. SNIDER, certify and declare as follows:

Page 1 -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
           BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

1.      I am a partner at Stoel Rives LLP and represent Plaintiffs ("KLC") in this matter. I am over eighteen years of age and am otherwise competent to testify as set forth below. I make this statement based on my personal knowledge. I submit this declaration in support of Plaintiffs' Petition for Attorney Fees and Bill of Costs.

2.      The fees for legal services set forth herein and the accompanying exhibits, along with costs, have been charged to KLC and were actually and necessarily performed. KLC has paid Stoel Rives LLP for these legal services and costs, with the exception of hours billed in January and February, 2011.

3.      It is part of the normal business practice for all timekeepers at Stoel Rives LLP to keep a daily record of the time they spend on each matter, together with a brief description of the work done. These daily records are entered into a computer timekeeping system and form the basis for the bills for legal services sent to each client, usually on a monthly basis. The attorneys' fee information provided herein is derived from this billing system and is kept in the regular course of Stoel Rives LLP's business.

4.      Similarly, Stoel Rives LLP tracks cost information and disbursements for each matter and provides such information to its clients on a monthly basis for reimbursement without any surcharge. The cost information provided herein is derived from this billing system as it is kept in the regular course of Stoel Rives LLP's business.

5.      Attached as Exhibit 1 are spreadsheets that detail the work performed and hours billed on this case. The first page is a summary sheet, followed by detailed time entries for work performed in this case.

///

///

Page 2  -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
            BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

70513118.1 0028954-00065

6. Attached as Exhibit 2 is a spreadsheet showing costs necessarily incurred for prosecution of this action. The services provided as reflected in the costs spreadsheet were charged to KLC, and were actually and necessarily performed.

7. To create Exhibits 1 and 2, I had a paralegal compile the information from all billing statements sent to KLC on the matter, and sort the information into attorneys' fees and costs. I then reviewed the spreadsheets that were created for accuracy and confirmed that they are an accurate reproduction of the billing statements provided to KLC. Certain privileged information in the billing detail was redacted, but I made every effort to ensure that an adequate description remained for evaluation of the time entries.

8. The total time billed to this case through today is 266.7 hours, and attorneys' fees total $87,878.50. This case was filed on February 18, 2010 after KLC was notified by National Union Fire Ins. Company of Pittsburgh, Pa. ("NUFI") that it would not defend it in the following cases: *M.H. v. KinderCare Learning Centers, Inc.*, Ref. No. 09-22728-CI-19; *C.T. v. KinderCare Learning Centers, Inc.*, Ref. No. 09-22729-CI-8; *K.S. v. KinderCare Learning Centers, Inc.*, Ref. No. 09-22725-CI-8; *A.W. v. KinderCare Learning Centers, Inc.*, Ref. No. 09-22727-CI-8; *L.B. v. KinderCare Learning Centers, Inc.*, Ref. No. 10-001102-C1-020 (the "Underlying Actions"). After the Complaint was filed, KLC moved for summary judgment on May 20, 2010. NUFI responded with its own summary judgment motion on June 21, 2010. Magistrate Stewart issued Findings and Recommendations on the parties' cross-motions for summary judgment on September 28, 2010. KLC filed objections to the Findings and Recommendations on October 15, 2010. The Court issued its Order on November 30, 2010, sustaining KLC's objections to the Findings and Recommendations and entering summary judgment in KLC's favor. In December 2010 and January 2011, counsel for KLC worked with

Page 3 - DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS' BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

70513118.1 0028954-00065

NUFI's counsel to reach a stipulation on damages, and an unopposed motion for entry of judgment was filed on January 21, 2011. The Court entered Judgment in the action on January 25, 2011, awarding KLC $46,209.73 in damages and declaring that KLC was not required to pay a $500,000 self-insured retention for each of the Underlying Actions.

9. This case presented a narrow, but difficult, question of policy interpretation, in which the Court was asked to interpret whether six lawsuits filed by different children in the same KLC class room in Florida alleging the same wrongdoing by KLC employees constituted a single occurrence or multiple occurrence under KLC's insurance policies. If the six lawsuits were deemed separate occurrence, KLC would be required to pay a separate $500,000 self-insured retention on each policy before obtaining a defense or indemnity from any insurer. Although there exists a vast body of case law interpreting "occurrence" language in insurance policies, no cases had interpreted the specific policy language at issue here, and the parties were required to wade through a vast body of case law to find points of law relevant to the contract interpretation issue in this case. The difficulty of the contract interpretation question is perhaps best illustrated by the fact that Magistrate Stewart agreed with NUFI's multiple-occurrence interpretation, while the Court disagreed and adopted KLC's single-occurrence interpretation.

10. KLC staffed this case efficiently with me performing the vast majority of the research and briefing in the matter. When appropriate, I relied upon research from younger associates in the firm to save on attorneys' fees. Valuable research time was also saved because I could rely upon Louis Ferreira, an attorney with significant experience and expertise in insurance coverage matters, for expertise and guidance. We also decided early on to take no discovery in the case, which afforded KLC significant savings in attorneys' fees and costs and permitted the case to proceed immediately to summary judgment.

Page 4 -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
           BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

70513118.1 0028954-00065

11. KLC's counsel's requested rates in this case are reasonable and fall within the range of market rates for complex commercial litigation in Portland, Oregon. This is reflected in part in the billing ranges documented in the December 2007 Oregon State Bar Economic Survey (the "OSB Survey"), a true and correct copy of which is attached as Exhibit 3, and in the June 2008 supplement to the OSB Survey for the Business Litigation Section, a true and correct copy of which is attached as Exhibit 4.

12. I am co-lead counsel for KLC in this matter. I am a partner at Stoel Rives LLP and have been practicing law for over seven years. I was admitted to practice in Oregon in 2003, and am a member of the Oregon and Washington bars, and admitted to practice in the District Court for the District of Oregon, the District Court for the Western District of Washington, the Ninth Circuit and the United States Supreme Court. I received a B.A. in business and economics from Wheaton College in 1999, *magna cum laude*, and received a J.D. from Willamette University College of Law in 2003, graduating first in my class and *summa cum laude*. I specialize in complex commercial litigation, including insurance coverage disputes. I am currently representing KLC in another complex insurance coverage matter pending before this Court, *American Specialty Lines Ins. Co. of Am. v. KinderCare Learning Centers, Inc.*, Case No. 07-CV-6420-KI. I am often part of legal teams handling high profile and high stakes bet-the-company litigation in state and federal courts around the country. I was named a Rising Star by Oregon Law and Politics in 2009. I performed 142.4 hours of work on this case from March 11, 2010 to entry of judgment on January 25, 2011. My rates during the case were $320 per hour through December 2010, and $340 per hour thereafter. My total fees in this case through entry of Judgment were $45,752.00.

///

Page 5   -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

70513118.1 0028954-00065

13.     My co-lead counsel on this case was Louis A. Ferreira, a senior partner at Stoel Rives LLP with a national practice specializing in insurance coverage litigation. Mr. Ferreira has practiced law for over 20 years. He was counsel for plaintiff in *VanPort Homes v. Truck Ins. Exchange*, 147 Wash. 2d 751 (2002) in which the Washington Supreme Court held that an insurer that breaches its duty to defend is estopped from raising coverage defenses. He has represented Pacific Lumber Co. in California obtaining coverage for legacy environmental damages arising out of the logging of redwoods; a large utility in Oregon, obtaining coverage for historic environmental liabilities throughout the Northwest; dozens of developers and contractors in California, Oregon, Washington, Colorado, Texas and Florida, obtaining coverage for construction defects; and recently, a large apartment owner, obtaining coverage for a class action alleging carbon monoxide poisoning in Arkansas. I was able to save valuable research and analysis time by consulting with Mr. Ferreira on the insurance coverage issues in this case. Due to his expertise in insurance coverage matters, Mr. Ferreira's billing rate through December 2010 was $450 per hour, and from December 2010 to present, it is $465 per hour. Mr. Ferreira billed a total of 52.3 hours on this matter, for total fees of $23,623.50.

14.     Ian Crawford is a mid-level associate in the litigation group at Stoel Rives LLP, and has practiced law in Oregon for four years. He provided research support on the summary judgment motions and objections to the Findings and Recommendations filed in this case. Mr. Crawford was admitted to practice in Oregon in 2007, and is a member of the Oregon bar. He received a B.A. in classical languages from Carleton College in 1998, *summa cum laude*, and received a J.D. from Yale Law School in 2003. He has experience in complex commercial litigation, including insurance recovery disputes, and has assisted KLC with other insurance recovery matters. Mr. Crawford's billing rate through December 2010 was $265 per

hour, and from December 2010 to present, it is $285 per hour.  Mr. Crawford billed a total of 16 hours on this matter, for total fees of $4,297.00.

15. Stephen Galloway is a junior associate in the litigation group at Stoel Rives LLP, and has practiced law in Oregon for one year.  He provided research support on the summary judgment motions in this case.  Mr. Galloway graduated *magna cum laude* from Tulane University Law School in 2009.  Mr. Galloway's billing rate on this matter was $210 per hour.  Mr. Galloway billed a total of 4.3 hours on this matter, for total fees of $903.00.

16. The rates for each of the attorneys is within the range of fees customarily charged in the Portland market.  According to the 2007 OSB Survey, the average hourly rate in Portland over three years ago was $244 per hour.  (*See* Exhibit 3.)  An hourly rate of $375 per hour was in the 95th percentile.  However, for business litigators, the Oregon bar reported that the average billable rate in June 2008 was $299 per hour, with 29.3 percent reporting rates from $300 to $399 and 14.65 percent reporting rates claiming hourly rates of more than $400 per hour.  (*See* Exhibit 4.)  Similarly, the Litigation Section of the Oregon bar reported in June of 2008 that 45 percent of attorneys in Downtown Portland charged between $200 and $300 per hour, 24 percent charged between $300 and $400 per hour, and 14 percent charged more than $400 per hour.  (*See* Exhibit 5, which is a true and correct copy of the Litigation Section Hourly Rate Survey Results of June 2008.)

17. My rates of $320 and $340 per hour are within the range of rates customarily charged by other practitioners in Portland for complex business litigation services.  In 2007, the OSB Survey reports that the 75th percentile for business litigation was $337 per hour.  According to the 2008 Business Litigation Section, my rates of $320 and $340 per hour are within the $300 and above rates charged by nearly 44 percent of attorneys in this practice area

Page 7 -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
           BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

state-wide. The general Litigation Section reported that 38 percent of litigators in downtown Portland in 2008 charged $300 per hour and above. My rates also fall within the 2007 range of rates charged by Portland attorneys with 7 to 9 years of experience, regardless of private practice ($200 (25th percentile) to $360 (95th percentile)). In addition, my rates are well-within the range of rates charged in Portland in 2007 by business litigators ($275 (25th percentile) to $445 per hour (95th percentile)). In addition, the 2010 Morones Survey of Commercial Litigation Fees (a true and correct copy of which is attached as Exhibit 6), reflected an average rate of $254 per hour for attorneys with 0 to 9 years experience, and $333 for attorneys with 10 to 20 years experience. My requested rates are above-average; but not remarkably so. Moreover, given the complexities of this case and my experience in complex commercial litigation, it is reasonable that my rates would be above the average rate in the market. Indeed, in 2009, I was awarded my fees at a rate of $300 per hour by the Deschutes County Circuit Court in *Agate Resources, Inc. v. Clear Choice Health Plans, Inc.*, Case No. 09CV0049MA, after being in practice for six years.

18. As the following chart demonstrates, the rates billed by the other attorneys working on this case are generally within the range of Portland market rates as shown by 2007 and 2008 surveys, with limited exceptions explained below:

| Attorney | Rate | Years in Practice | PDX Mkt Rate for Comparable Years of Practice 2007 (Ex. 3) | PDX Mkt Rate for Business/Corp. Litigation 2008 (Ex. 4) | Morones Survey of Commercial Litigation Fees 2010 (Ex. 6) |
|---|---|---|---|---|---|
| Louis A. Ferreira (LAF), attorney | $450 (2010) $465 (2011) | 21 | Avg.  $277<br>Median $275<br>25th %  $225<br>75th %  $325<br>**95th %  $399** | Avg.  $283<br>Median $275<br>25th %  $225<br>75th %  $337<br>**95th %  $445** | Avg.  **$392** |
| Ian R. Crawford (IAC), attorney | $265 (2010) $280 (2011) | 4 | Avg.  $188<br>Median $185<br>25th %  $170<br>75th %  $210<br>**95th %  $240** | Avg.  $283<br>**Median $275**<br>25th %  $225<br>75th %  $337<br>95th %  $445 | Avg.  $254 |

Page 8  -  DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS' BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

70513118.1 0028954-00065

| Stephen H. Galloway (SHG), attorney | $210 (2010) | 1 | Avg.      $177<br>Median  $180<br>25th %   $162<br>75th %   $192<br>**95th %   $216** | Avg.      $283<br>Median  $275<br>**25th %   $225**<br>75th %   $337<br>95th %   $445 | Avg.    **$254** |

19.     Mr. Ferreira's rates are around the 95th percentile for business litigators in Portland, but these rates were last surveyed in 2008—nearly three years ago. Among business litigators state-wide, the bar reported that 14.65 percent of Mr. Ferreira's peers in June 2008 charged more than $400 per hour. (*See* Ex. 4.) In addition, among all litigators in Portland in any private practice, the bar reported in June 2008 that 14 percent charged more that $400 per hour. (*See* Exhibit 5.) Moreover, in 2010, the Morones Survey showed the *average* rate for attorneys' with Mr. Ferreira's years of experience was $392 per hour. Mr. Ferreira's expertise in insurance coverage matters also support the reasonableness of his rates. Mr. Ferreira added efficiencies to this case because he was able to draw upon his knowledge of insurance law to focus research and arguments, and ignore areas that were irrelevant to the Court's decision. In 2009, Mr. Ferreira was awarded his fees at a rate of $430 per hour by the Clark County Superior Court in *The Port of Camas/Washougal v. Riverwalk on the Columbia* LLC, Case No. 09-2-03549-4. In 2009 ,Mr. Ferreira was also awarded his fees at a rate of $394 per hour (for 2008 time) and $409 (for 2009 time) per hour by Pierce County Superior Court in *PacifiCorp Environmental Remediation Company v. Washington State Department of Transportation*, Case No. 07-2-10404-1.

20.     A paralegal, Mindy Nair (MXN), also provided assistance on the matter. Ms. Nair billed a total of 14.3 hours and $2,999.50 in fees, primarily helping with the preparation of the summary judgment material and document organization. Her rate in 2010 was $205 and in 2011 is $215 per hour. Ms. Nair is a trial paralegal with a broad range of litigation and

Page 9   -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
                BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

alternative dispute resolution experience spanning 26 years.  She has experience in all areas of litigation management, including legal research, document analysis and control, discovery proceedings, deposition preparation, document management databases, investigation, motions for summary judgment, trial preparation, trial support activities, and law office management and bookkeeping.  She has practiced as a paralegal at Stoel Rives for ten years.  She graduated from Western Business College and has completed various courses relating to many aspects of the legal profession.  Based on her 10 years of experience in complex business litigation and other services, her rates are reasonable.  In 2009, Ms. Nair was awarded her fees at a rate of $195 per hour by the Clark County Superior Court in *The Port of Camas/Washougal v. Riverwalk on the Columbia* LLC, Case No. 09-2-03549-4.  In 2009, Ms. Nair was also awarded her fees at a rate of $157 per hour (for 2007 time), $171 per hour (for 2008 time), and $185 (for 2009 time) per hour by Pierce County Superior Court in *PacifiCorp Environmental Remediation Company v. Washington State Department of Transportation*, Case No. 07-2-10404-1.

21.     KLC also submitted a cost bill (Exhibit 2).  All of these costs were necessarily incurred in this case and the services for which these costs were charged to KLC were actually and necessarily performed.

22.     KLC seeks recovery of $1,042.48 for computerized legal research.  Stoel Rives LLP's practice is to bill clients for these research charged, and it did so here.

23.     KLC seeks $112.75 for photocopy expenses.  The copies were necessarily obtained for use in this case and represent copy costs for documents filed with the Court, copied for the Court, or copied for opposing counsel.  Stoel Rives LLP charges clients the reasonable rate of $0.12 per black and white photocopy.

///

Page 10 -   DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF PLAINTIFFS'
            BILL OF COSTS AND MOTION FOR ATTORNEYS' FEES

24. KLC also seeks to recover its filing fee in this case ($350.00), and fees for service of process ($133.75), all reflected in Exhibit 2.

25. As reflected in Exhibit 1, KLC's counsel and spent 37.4 hours preparing its petition for attorneys fees, for total fees of $10,303.50 preparing this petition. KLC seeks an award of these fees in full.

26. In sum, KLC seeks a total of $87,878.50 in attorneys' fees and $1,638.98 in costs incurred in this case.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED:  February 7, 2011.

          */s/ Timothy W. Snider*
          TIMOTHY W. SNIDER, OSB No. 034577

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF TIMOTHY W. SNIDER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES OF PLAINTIFFS** on the following named person(s) on the date indicated below by providing notice of electronic filing using the Cm/ECF system.

| | |
|---|---|
| Lee Aronson, OSB No. 771009<br>Schulte, Anderson, Downes Aronson & Bittner, PC<br>811 SW Naito Parkway, Suite 500<br>Portland, OR 97204-3379 | Diane L. Polscer, 873267<br>Brian Hickman, 031096<br>Gordon & Polscer, LLC<br>9755 SW Barnes Road, Suite 650<br>Portland, OR 97225 |
| Stephen G. Skinner, *Pro Hac Vice*<br>Jenny M. Churas, *Pro Hac Vice*<br>Johnson, Andrews & Skinner, PS<br>200 W. Thomas Street, Suite 500<br>Seattle, WA 98119 | Attorneys for Discover Property & Casualty Insurance Company |
| Attorneys for National Union Fire Insurance Company of Pittsburgh, PA | |

DATED:  February 7, 2011.

STOEL RIVES LLP

 /s/  Timothy W. Snider
Louis A. Ferreira, OSB No. 902602
laferreira@stoel.com
Timothy W. Snider, OSB No. 034577
twsnider@stoel.com

Attorneys for Plaintiffs

Page 1   -   CERTIFICATE OF SERVICE

70513118.1 0028954-00065