IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KNOWLEDGE LEARNING CORPORATION, a
foreign business corporation; and KINDERCARE
LEARNING CENTERS, INC., a foreign business          CV-10-188-ST
corporation,

                                                    FINDINGS AND
                    Plaintiffs,                     RECOMMENDATION

        v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.; and
DISCOVER PROPERTY & CASUALTY
COMPANY, a foreign insurance company,

    _____ Defendants. _____

STEWART, Magistrate Judge:

        Pursuant to ORS 742.061 and FRCP 54(d), plaintiffs, KinderCare Learning Centers, Inc.

and its parent Knowledge Learning Corporation (collectively "KLC"), move for an award of

attorney fees in the sum of $87,878.50 and costs in the sum of $1,638.98.  For the reasons set

1 - FINDINGS AND RECOMMENDATION

forth below, attorney fees should be awarded in the reduced sum of $31,832.50 for attorney fees

and costs should be awarded in full.

## BACKGROUND

This lawsuit involved a dispute between KLC and its primary liability insurer, Discover

Property and Casualty Insurance Company ("Discover"), on one side and KLC's excess umbrella

liability insurer, defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFI"),

on the other side.  Six lawsuits had been filed in Florida against KLC alleging multiple claims of

physical abuse arising in a KinderCare Center in Florida.  KLC contended that the limits of

Discover's policy had been exhausted by payment of a settlement in one case exceeding $1

million.  KLC filed this lawsuit alleging that NUFI had breached its insurance contract and

seeking declaratory relief requiring NUFI to defend the remaining five lawsuits.

In order to determine which layer of insurance provided coverage, the court had to resolve

one issue, namely whether all six lawsuits filed against KLC arise out of the same "occurrence"

as that term is used in Discover's policy.  If so, then coverage under the NUFI policy would be

immediately triggered.  If not, then NUFI would be under no obligation to defend KLC until the

limits of coverage under the Discover policy were reached.  To exhaust the limits of the Discover

policy and trigger any insurance coverage from NUFI, KLC would be required to pay $2.5

million in per-occurrence self-insured retentions for the five remaining lawsuits.

KLC tendered defense of all five lawsuits to NUFI, asserting that they alleged "a series of

related acts of abuse" and, thus, a single "occurrence" under the Discover policy.  NUFI denied

that it had any obligation to defend KLC and asserted that each of the lawsuits constitute a

separate "occurrence" under the Discover policy and that the Discover policy was not yet

exhausted.  As a result, KLC incurred fees and costs defending the underlying lawsuits.

The parties filed cross-motions for summary judgment.  I issued Findings and

Recommendations to grant NUFI's motion (docket #33) to which KLC filed objections (docket

#35).  Judge Garr M. King declined to adopt my Findings and Recommendation and granted

summary judgment to KLC, declaring that all six lawsuits arise from a single occurrence under

the Discover policy and that NUFI is required to defend KLC in the remaining five lawsuits

(docket #39).  Judge King then entered a Judgment awarding stipulated damages to KLC in the

sum of $46,209.73 to defend the Florida actions (docket #44).

## FINDINGS

### I.  Liability for Attorney Fees

State law governs a party's right to recover attorney fees in a diversity action.  *Diamond*

*v. John Martin Co.*, 753 F2d 1465, 1467 (9th Cir 1985).  KLC seeks to recover its attorney

fees and costs pursuant to ORS 742.061, which provides:

> [I]f settlement is not made within six months from the date proof
> of loss is filed with an insurer and an action is brought in any court
> of this state upon any policy of insurance of any kind or nature, and
> the plaintiff's recovery exceeds the amount of any tender made by
> the defendant in such action, a reasonable amount to be fixed by
> the court as attorney fees shall be taxed as part of the costs of the
> action and any appeal thereon.

ORS 742.061 is intended to "encourage the settlement" of insurance claims and to

"reimburse successful plaintiffs reasonably for moneys expended for attorneys fees in suits to

enforce insurance contracts."  *Chalmers v. Or. Auto Ins. Co.*, 263 Or 449, 452, 502 P2d 1378,

1380 (1972).

3 - FINDINGS AND RECOMMENDATION

KLC tendered defense of the underlying lawsuits to NUFI on September 17, 2009, and

January 20, 2010.  NUFI denied the tenders of defense on October 12, 2009, and February 25,

2010.  KLC filed this suit on February 18, 2010, to enforce its right to a defense from NUFI and

to recover damages.  The allegations in that Complaint are sufficient to qualify as a proof of loss

under ORS 742.061.  *Dockins v. State Farm Ins. Co.*, 329 Or 20, 30, 985 P2d 796, 801 (1999).

In its Answer filed on April 5, 2010, NUFI denied any obligation to defend.  KLC incurred

$46,209.73 in defense costs in the underlying actions and, more than six months after the tender

of defense, obtained a judgment on January 24, 2011, awarding damages against NUFI in that

amount.  That judgment exceeded the amount of NUFI's tender.  As required by ORS 742.061,

KLC filed proofs of loss with NUFI more than six months ago; NUFI made no tender of policy

proceeds and refused to defend; and KLC's recovery here exceeds the amount NUFI agreed to

pay under its policy of insurance.  Therefore, KLC is entitled to an award of attorney fees.

NUFI attempts to avoid this conclusion by arguing that this case did not involve a dispute

as to coverage subject to an award of fees under ORS 742.061, but is only a declaratory judgment

action concerning the number of "occurrences" arising out of the Florida abuse claims.

Interpreting ORS 736.325, a predecessor to ORS 742.061, this court has held that attorney fee

awards are not permitted in an action for declaratory relief  involving only an insurer's obligation

to defend.  *Continental Casualty Co. v. Reinhardt*, 284 F Supp 687 (D Or 1967).  Later the Ninth

Circuit ruled that an insured cannot recover attorney fees under ORS 742.061 absent a monetary

recovery.  *Fireguard Sprinkler Sys., Inc. v. Scottsdale Ins. Co.*, 864 F2d 648, 655 (9th Cir 1988),

citing *McGraw v. Gwinner*, 282 Or 393, 400, 578 P2d 1250, 1252 (1978).  Accordingly, in

*Travelers Prop. Cas. Co. of Am. v. Martella*, No. 04-CV-176-ST, 2005 WL 878584 (D Or Apr.

4 - FINDINGS AND RECOMMENDATION

14, 2005), I declined to award attorney fees under ORS 742.061 when affirming the insurer's

duty to defend.  In that case, the insurer assumed the defense of its insured under a reservation of

rights and filed a declaratory judgment action to determine whether it was required to continue

that defense.  The insured "obtained no money judgment," and the insurer was simply required

"to continue to defend" its insured.  *Id* at *1.

However, unlike the insurer in *Martella*, NUFI did not defend KLC in the underlying

lawsuits under a reservation of rights and then seek a declaration that it had no duty to defend.

Instead, NUFI refused to defend KLC and was sued by KLC both for breach of contract and

declaratory relief.  When an insurer refuses to defend, even under a reservation of rights, and is

ordered to do so and to pay damages due to breach of its duty to defend, as here, then the insured

is entitled to an award of fees under ORS 742.061.

## II.    **Amount of Attorney Fees**

KLC seeks an award of attorney fees of $77,575.00 for time incurred through entry of

Judgment, plus an additional $10,303.50 thereafter, for a total of $87,878.50.  NUFI opposes this

request as unreasonable, both as to the hourly rates and number of hours incurred.

To determine whether the amount of attorney fees sought is reasonable, the court must

apply the factors in ORS 20.075.  *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 91-92, 957

P2d 1200, 1205 (1998).  Pursuant to ORS 20.075(2), the court must consider the following

factors:

> (a) The time and labor required in the proceeding, the novelty and
> difficulty of the questions involved in the proceeding and the skill
> needed to properly perform the legal services.

5 - FINDINGS AND RECOMMENDATION

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the results obtained.
(e) The time limitations imposed by the client or the circumstances of the case.
(f) The nature and length of the attorney's professional relationship with the client.
(g) The experience, reputation and ability of the attorney performing the services.
(h) Whether the fee of the attorney is fixed or contingent.

A.      **Fee Customarily Charged in the Locality and the Experience, Reputation and Ability of the Attorney (ORS 20.075(2)(c) & (g))**

1.      **Hourly Rates**

NUFI first objects to the hourly rates of the two primary attorneys for KLC.  Timothy Snider, who had 7-8 years of experience at the time, requests an hourly rate of $320.00 through December 2010 and $340.00 thereafter, and Louis Ferreira, who had over 20 years of experience, requests an hourly rate of $450.00 through December 2010 and $465.00 thereafter.

This court considers the Oregon State Bar Economic Survey ("OSB Survey") as its "initial benchmark" in determining the reasonableness of an attorney's rate.  *Attorney Fee Statement Guidelines*, available at http://ord.uscourts.gov/education-downloads/local-forms/examples-and-guidelines/attorney-fee-statement-guidelines.  As Judge Haggerty recently stated, the OSB 2007 Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates." *McElmurry v. U.S. Bank Nat'l Assoc.*, No. 04-642-HA, 2008 WL 1925119, at *3 (D Or April 30, 2008).

6 - FINDINGS AND RECOMMENDATION

The most recent OSB Survey issued in 2007 lists billing rates charged in 2006 in Portland by the number of years admitted to private practice and by areas of private practice.  For lawyers in Portland with 7-9 years experience, the average hourly rate was $239.00 and the median hourly rate was $225.00.  For lawyers in Portland with 21-30 years experience, the average hourly rate was $277.00 and the median hourly rate was $275.00.  The category of "Civil Litigation, Insurance Defense," which appears to be the closest comparable category, lists much lower hourly rates for Portland lawyers, namely an average of $176.00 and a median of $165.00.  However, an alternative category of "Business/Corporate Litigation" for Portland lawyers lists higher rates, namely an average of $283.00 and a median of $275.00.

The requested rates for both Messrs. Snider and Ferreira far exceed any of these rates.  Mr. Snider's rate of $320-340.00 nearly reaches the 95th percentile for Portland lawyers with 7-9 years of experience ($360.00) and is at the 75th percentile for Portland lawyers practicing in the "Business/Corporate Litigation" area ($337.00).  Mr. Ferreira's rate of $450-465.00 is well over the 95th percentile for Portland lawyers with 21-30 years of experience ($325.00) and is at the 95th percentile for Portland lawyers practicing in the "Business/Corporate Litigation" area ($455.00).

KLC justifies the higher requested hourly rates for several reasons.  First, it notes that the OSB Survey is outdated because it was completed over three years ago and was supplemented by the March 2008 hourly rate surveys by the OSB Business Litigation Section and the OSB Litigation.  Snider Decl., Exs. 4 and 5.  However, the 2008 surveys do not support the requested rates.  According to those surveys, Mr. Snider's rates are within the rates charged by only 24% of both business and general litigators in downtown Portland and only 7% of business and general litigators statewide with 8-10 years experience ("between $300 and $400 per hour").

7 - FINDINGS AND RECOMMENDATION

Mr. Ferreira's rates are within the rates charged by only 14% of both business and general litigators in downtown Portland ("more than $400 per hour") and only 2% of business and general litigators statewide with 20-22 years experience ("more than $450 per hour").  In contrast, 45% of lawyers in downtown Portland, 59% of lawyers with 5-7 years of experience, and 58% of lawyers with 20-22 years of experience all reported rates "between $200 and $300 per hour."  The hourly rates of Messrs. Snider and Ferreira certainly would be reasonable if they fell within that latter category, but they do not.

KLC also has submitted the 2010 update to the Morones Survey of Commercial Litigation Fees for Portland which was commissioned by two attorneys in 2002 to support expert testimony in attorney fee disputes.  *Id*, Ex. 6.  According to that survey update, the average hourly rate for an attorney with 20-29 years experience is $392.00 and for an attorney with 0-9 years experience is $254.00.  That survey update is of limited value for two reasons.  First, it is based on only 15 of 24 firms in Portland that meet the specified criteria of advertising at least five attorneys listing commercial litigation as a practice area.  Second, this case was resolved on cross-motions for summary judgment without the need for discovery or a trial and, thus, did not require the services of a more expensive commercial litigator.  Even so, the rates in that survey update are lower than the requested rates for Messrs. Snider and Ferreira.

Second, Messrs. Snider and Ferreira also claim significant experience in litigating insurance coverage claims.  A specialist in a particular area of the law may be able to justify a higher hourly rate.  However, the issue here was not complex, but dealt with the definition of "occurrence," a concept that has been litigated in Oregon and other jurisdictions.  Although the issue was disputed and led to differing conclusions by two judges, it was not the type of complex

8 - FINDINGS AND RECOMMENDATION

commercial litigation that typically justifies the highest end of hourly rates.  Instead, this case was resolved on cross-motions for summary judgment.  Furthermore, according to the description on their firm's website, Mr. Snider lacks significant experience in insurance coverage issues, and Mr. Ferreira's experience and practice areas are primarily in the environmental enforcement area, not the type of insurance coverage at issue in this case.

Third, Mr. Snider points to an award of fees in an Oregon state court at a rate of $300.00 per hour after being in practice for six years, and Mr. Ferreira points to awards of fees in 2009 in two cases in Washington state court at hourly rates of $430.00 and $394.00.  They also rely on cases approving comparable hourly rates for other partners in their firm and competitors.  However, they provide no details for this court to meaningfully compare those cases to this case.  As pointed out by NUFI, at least one case, *Logan v. Tiegs*, No. 03-CV-435-BR, 2010 WL 2245060 (D Or June 2, 2010), was a complex commercial litigation case  that involved an appeal to the Ninth Circuit and trial after remand.  In that case, Judge Brown recently approved reasonable hourly rates of $460.00 for a 30-year litigator, $390.00-405.00 for a 25-year litigator, $350.00 for a 10-year attorney, and $175.00 for a four-year attorney (docket #432).  *Logan* is not comparable to this insurance coverage dispute which involved no discovery and only cross-motions for summary judgment.  But even if it were, the comparable rates would be closer to $250.00 for Mr. Snider than to $320-340.00 and closer to $370-380.00 for Mr. Ferreira than to $450-465.00.  In another case, *Earp v. Multnomah Cnty. Health Dep't*, No. 08-CV-1217-KI, 2010 WL 143551, at *3  (D Or Jan. 7, 2010), the court held that $295 was a reasonable rate for an 18-year litigator in "the somewhat complicated area of employment law."

This court discerns no reason to depart from the OSB Survey rates.  However, KLC is entitled to a reasonable adjustment for inflation to bring current the 2006 rates in that survey. According to the CPI Inflation Calculator available from the United States Department of Labor (available at http://www.bls.gov/data/inflation_calculator.htm), $1.00 in 2006 has the same buying power as $1.08 in 2010 and $1.10 in 2011.  Using this calculator, the estimated median hourly rate for legal services charged by Portland-area attorneys with 7-9 years experience would be $243.00 in 2010 ($225.00 x 1.08) and $247.50 ($225.00 x 1.10) in 2011 with an estimated 75th percentile rate of $297.00 in 2010 ($275.00 x 1.08) and $302.50 in 2011 ($275.00 x 1.10). Similarly, the estimated median hourly rate for legal services charged by Portland-area attorneys with 21-30 years experience would be $297.00 in 2010 ($275.00 x 1.08) and $302.50 in 2011 ($275.00 x 1.10) with an estimated 75th percentile rate of $351.00 in 2010 ($325.00 x 1.08) and $357.50 in 2011 ($325.00 x 1.10).  For Portland attorneys in "Business/Corporate Litigation," the estimated median hourly rate for legal services would be $297.00 in 2010 ($275.00 x 1.08) and $302.50 in 2011 ($275.00 x 1.10) with an estimated 75th percentile rate of $364.00 in 2010 ($337.00 x 1.08) and $371.00 in 2011 ($337.00 x 1.10).

This court discerns no reason based on specialized expertise or experience to award fees at higher than the median rates in the OSB Survey as adjusted for inflation.  Therefore, the hourly rates for Mr. Snider should be reduced to $243.00 in 2010 and $247.50 in 2011 and the hourly rates for Mr. Ferreira should be reduced to $297.00 in 2010 and $302.50 in 2011.

Although the bulk of the time was spent by Messrs. Snider and Ferreira, two other attorneys and a paralegal spent time on this matter.  Mr. Ian Crawford, a mid-level associate with four years of experience, charged $265.00 per hour in 2010 and $280.00 per hour in 2011.

Mr. Stephen Galloway, a junior associate with one year of experience, charged $210.00 per hour in 2011. Ms. Mindy Nair, a paralegal, charged $205.00 per hour in 2010 and $215.00 per hour in 2011. Although NUFI does not contest their rates, this court finds that they also are unreasonably high.

Relying again on the OSB Survey, the median hourly rate for a Portland attorney with 4-6 years of experience such as Mr. Crawford is $185.00. Adjusted for inflation, that rate rises to $200.00 in 2010 ($185.00 x 1.08) and $203.50 in 2011 ($185.00 x 1.10). The median hourly rate for a Portland attorney with up to three years of experience such as Mr. Galloway is $180.00. Adjusted for inflation, that rate rises to $194.00 in 2010 ($185.00 x 1.08).

The OSB Survey does not address paralegal rates, but logically that rate should be no higher than for a first-year associate. To support the rates for Ms. Nair, KLC points to her extensive experience and to two awards by Washington state courts of $185-195.00 per hour. However, the court has no details concerning those cases to meaningfully compare the awards to this case. In addition, the rates requested are far higher than requested paralegal rates in other cases in this court which have been reduced even further. *See e.g. Sterling Savings Bank v. Sequoia Crossing, LLC*, No. 09-555-AC, 2010 WL 3210855, at *8 (D Or Aug 11, 2010) (reducing paralegal rate from $165 to $125); *Whitworth v. Nat'l Enter. Sys., Inc.*, No. CV 08-958-PK, 2010 WL 1924505, at *11 (D Or May 11, 2010) (reducing paralegal rate from $130 to $90); *Van Dyke v. BTS Container Serv.*, No. CV 08-561-I, 2009 WL 2997105, at *2 (D Or Sept 15, 2009) (reducing unopposed paralegal fee from $125 to $100); *Atlantic Recording Corp. v. Andersen*, No. 05-CV-933-AC, 2008 WL 2536834, at *16 (D Or June 24, 2008) (reducing

paralegal rate from $150 to $120).  Based on her extensive experience, this court concludes that

Ms. Nair is entitled to the high end of this range and reduces her hourly rate to $165.00.

### 2.      Number of Hours

NUFI also argues that KLC's attorneys spent too much time on the case and specifically

objects to nine time entries totaling $6,444.00.

First, NUFI argues that Mr. Snider's 2.5 hours on a "compulsory joinder" issue should

not be awarded because that issue was never briefed nor argued in this case.  However, the time

is properly billed if the work is related to the analysis (and elimination) of a possible legal issue.

Here it appears to be a related issue.

NUFI also objects to a series of billing entries by Mr. Ferreira on October 11-15, 2010,

relating to an unspecified "opposition."  However, as KLC explains, those entries plainly relate

to the Objections to Findings and Recommendations filed on October 15, 2010.

NUFI similarly objects to Mr. Crawford's 3.8 hours in December 2010 to research

reformation of the insurance agreements after a loss has occurred.  KLC explains that by this

time, NUFI had expressed its intent to appeal Judge King's order granting summary judgment to

KLC, and Mr. Crawford spent a few hours researching a possible alternate ground for affirmance.

Having won on summary judgment, I cannot conceive any reasonable basis to research an

alternative argument to win on appeal that had not been previously argued to the district court.

Therefore, these hours should be excluded.

NUFI also objects to the 37.4 hours (19.3 by Ms. Nair and 18.1 by Mr. Snider) spent

preparing the fee petition and accompanying briefing.  KLC responds that based on NUFI's

anticipated challenge to the fee petition, it was compelled to submit a thoroughly researched and

12 - FINDINGS AND RECOMMENDATION

supported fee petition.  However, the number of hours (14% of the total) is incredibly high for a

relatively straightforward motion supported by a 10-page memorandum incorporating much of

the supporting 10-page affidavit, spreadsheets based on computerized billing records, and four

publicly available publications.  After all, this is not the first fee petition submitted by KLC's

experienced attorneys and staff who had no need to reinvent the wheel.

Fees for preparing a request for attorney fees are calculated "by applying the same

percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees

award." *Schwarz v. Sec. of Health & Human Servs.*, 73 F3d 895, 909 (9th Cir1995) (citations

omitted).  As discussed below, this court concludes that the request for attorney fees on the

merits should be reduced by 50%.  Therefore, the time for seeking attorney fees also should be

reduced by 50% to 19 hours (10 hours by Ms. Nair and 9 hours by Mr. Snider).

NUFI also complains, and rightly so, that KLC spent far too many hours on the merits of

this case.  KLC's attorneys incurred 6.4 hours on the Complaint, 97.8 hours on the cross-motions

for summary judgment, and 79.5 hours on the Objections and preparation of final judgment.

These 183.7 hours produced approximately 53 pages of original written work:  a five-page

Complaint, about 29 pages (including opening and reply memoranda, Concise Statement of

Material Facts and two affidavits) supporting the summary judgment motion, and about 14 pages

for the Objections to the Findings and Recommendation.  That amounts to about 3.5 hours per

page, which is much higher than should be expected by experienced attorneys.  The vast number

of hours spent on the Objections is particularly troubling, given that the same arguments were

presented on both the summary judgment motions and the Objections.

In contrast, NUFI submits that it incurred less than $20,000.00, or about one-quarter of the amount requested by KLC, in defending this action.  Any such comparison of time "must carefully control for . . . the possibility that the prevailing party's attorney—who, after all, did prevail—spent more time because she did better work."  *Ferland v. Conrad Credit Corp.*, 244 F3d 1145, 1151 (9th Cir 2001).  However, NUFI submitted approximately the same amount of pleadings and motions as KLC, including an Answer and cross-motion for summary judgment. KLC may have ultimately prevailed, but that does not explain the huge discrepancy in attorney fees incurred as compared to NUFI.  Part of the explanation may be a difference in billing rates, but nothing in the record suggests, as posited by KLC, that NUFI chose to defend this action "on the cheap."

Accordingly, after deducting 3.8 hours for Mr. Crawford as noted above, the total number of hours incurred by KLC's attorneys through entry of Judgment of 225.5 (229.3 - 3.8 = 225.5) should be reduced by 50%.

### C.   Other Factors

Pursuant to ORS 20.075(2), the court must consider other factors as well.  The above analysis also takes into account the amount of time and skill required and  the novelty and difficulty of question involved as required by forth in ORS 20.075(2)(a).  Another factor, ORS 20.075(2)(d), is the amount involved and results obtained in determining fee award.  KLC obtained a complete victory with an award of damages over $46,000 and a declaration worth $2.5 million.  However, that result does not necessarily support an significantly upward departure from an analysis based on the reasonable number of hours incurred and billing rates to reach that result.

14 - FINDINGS AND RECOMMENDATION

Because KLC does not rely on any of the other factors, this court need not address them.

**D.      Conclusion**

Based on the above analysis, KLC should be awarded $31,832.50 in attorney fees,

calculated as follows:

| TIMEKEEPER | RATE | HOURS | TOTAL |
|---|---|---|---|
| Crawford, Ian (2010) | $200.00 | 6.1 | $ 1,220.00 |
| Ferreira, Louis (2010) | 297.00 | 23.2 | 6,890.40 |
| Ferreira, Louis (2011) | 302.50 | 3.0 | 907.50 |
| Galloway, Stephen (2010) | 194.00 | 2.2 | 426.80 |
| Nair, Mindy | 165.00 | 7.2 | 1,188.00 |
| Snider, Timothy (2010) | 243.00 | 66.6 | 16,183.80 |
| Snider, Timothy (2011) | 247.50 | 4.6 | 1,138.50 |
| **TOTAL** through Judgment | | **112.9** | **27,955.00** |
| | | | |
| Nair, Mindy | 165.00 | 10.0 | 1,650.00 |
| Snider, Timothy (2011) | 247.50 | 9.0 | 2,227.50 |
| **TOTAL** for fee petition | | **19.0** | **3,877.50** |
| | | | |
| **GRAND TOTAL** | | **131.9** | **31,832.50** |

**III.      Costs**

KLC requests an award of costs in the sum of $1,638.98, consisting of $350.00 for the

filing fee, $133.75 for service fees, $112.75 for photocopies ($.12/page), and $1,042.48 for

computerized research.  NUFI does not object to any of these costs.

15 - FINDINGS AND RECOMMENDATION

The expenses which may be taxed as costs are enumerated in 28 USC § 1920.  With

regard to costs not specifically allowable by statute, district courts have only limited discretion

which should be exercised sparingly.  *Guinasso v. Pac. First Fed. Sav. & Loan Ass'n*, 100 FRD

264, 265 (D Or 1983).

The filing and service fees are expressly taxable under 28 USC § 1920 and should be

awarded.

The $1,042.48 charge for computerized legal research database fees also should be

awarded.  The Ninth Circuit has expressly held that computerized legal research charges may be

awarded as attorney fees when the prevailing practice in the particular legal community is to bill

the charge separately from the hourly rate.  *Trustees of the Constr. Indus. & Laborers Health &*

*Welfare Trust v. Redland Ins. Co.*, 460 F3d 1253, 1258-59 (9th Cir 2006).  Although a more

detailed account of what issues were researched would be useful in some cases, here, given the

nature of the litigation and the fairly small amount requested for this particular charge, the total

charge is not unreasonable.

The list of recoverable costs under 28 USC § 1920(4) includes "copies of papers

necessarily obtained for use in the case."  This includes documents prepared for the court's

consideration or for the opponent, such as copies of pleadings, correspondence, and documents

tendered to the opposing party.  *McMillan v. United States*, 891 F Supp 408, 415 (WD Mich

1995), *aff'd*, 89 F3d 834 (6th Cir 1996).  As a result, "charges for exhibits and documents

submitted to the court in support of motions, as well as copies of pleadings, motions and

memoranda provided to the court are . . . recoverable."  *Grady v. Bunzl Packaging Supply Co.,*

161 FRD 477, 479 (ND Ga.1995).  However, "[s]ection 1920 does not contemplate an award of

16 - FINDINGS AND RECOMMENDATION

costs incurred for in-house copying expenses." *Teicher v. Regence Health & Life Ins. Co.*, No. 06-CV-1821-BR, 2008 WL 5071679, at *11 (D Or  Nov 24, 2008) (citations omitted).

Most of the photocopying costs here are described as "document reproduction" for two copies for summary judgment filing and Objections.  Although not explained, this court assumes that these were the "judge's copies" prepared for the convenience of the court and not for the attorneys and, as such, are recoverable costs.  However, in the future, it would be helpful to specify the purpose.

According, costs should be awarded in full.

## RECOMMENDATION

For the reasons stated above, plaintiffs' Petition for Attorney Fees and Bill of Costs (docket #46) should be GRANTED in the sum of $31,832.50 for attorney fees and $1,638.98 for costs.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due May 5, 2011.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 18th day of April, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

17 - FINDINGS AND RECOMMENDATION